IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ERIE

TELLY HARRIS,                                     )
                                                  )
                Plaintiff                         )      1:23-CV-00104-SPB
                                                  )
        vs.                                       )      SUSAN PARADISE BAXTER
                                                  )      United States District Judge
HILLARY BETH HOFFMAN, ASSISTANT                   )
DISTRICT ATTORNEY; AND OFFICER                    )      RICHARD A. LANZILLO
RUSSELL,                                          )      Chief United States Magistrate Judge
                                                  )
                Defendants                        )      Report and Recommendation
                                                  )
                                                  )      IN RE: ECF NOS. 32, 38
                                                  )

## I.      Recommendation

For the reasons discussed below, it is recommended that this case be dismissed pursuant to
Federal Rule of Civil Procedure 41(b) based on Plaintiff's failure to prosecute the action.

## II.     Report

### A.  Background and Procedural History

Telly Harris ("Plaintiff"), an inmate in the custody of the Erie County Prison, lodged his
Complaint without filing a motion to proceed *in forma pauperis* ("IFP") on April 7, 2023 (ECF
No. 1). On July 5, 2023, Plaintiff filed his IFP motion (ECF No. 8), and his Complaint was lodged
pending review of his IFP motion (ECF No. 17). Thereafter, Plaintiff was granted leave to proceed
IFP, and his Complaint was served.

Plaintiff's Complaint asserts claims pursuant to 42 U.S.C. § 1983 based on alleged
violations of his rights under the Fourth Amendment, Sixth Amendment, and Fourteenth
Amendment and names two municipal employees as Defendants: (1) Officer Russell, and (2)

Assistant District Attorney Hillary Beth Hoffman.[1] ECF No. 22, p. 1. As the factual basis for his claims, Plaintiff alleges that on August 30, 2020, Plaintiff was charged with aggravated sexual assault due to Officer Russell suppressing exculpatory evidence and initiating a prosecution proceeding against Plaintiff without probable cause. *Id.* Plaintiff further alleges that ADA Hoffman knowingly maliciously prosecuted him while withholding exculpatory forensic evidence during the preliminary hearing held on October 9, 2020. *Id.*, p. 3. The Complaint seeks punitive damages as relief.

On June 28, 2024, ADA Hoffman filed a motion to dismiss (ECF No. 32) and a brief in support (ECF No. 33). Plaintiff was ordered to file a brief in opposition by July 30, 2024. ECF No. 35. This response order was returned to the Court on July 22, 2024, as "RTS, Attempted Not Known, Unable to Forward." On August 16, 2024, Officer Russel filed a motion to dismiss (ECF No. 38) and a brief in support (ECF No. 39). Plaintiff was ordered to respond by September 30, 2024. This response order was returned to the Court on October 7, 2024, as "unable to forward". On October 8, 2024, Plaintiff was ordered to show cause for his failure to respond to the two pending motions to dismiss by October 29, 2024. This Order was returned from ECP as "released" on November 6, 2024. Since the commencement of this action, Plaintiff has not updated his address or taken any action to prosecute his case.

### B. Federal Rule of Civil Procedure 41(b) Legal Standard

Rule 41(b) of the Federal Rules of Civil Procedure provides, "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b); *Woods v. Malinowski*, 2018 WL 3999660, at *1 (W.D. Pa. July 18, 2018), *report and recommendation adopted as modified*, 2018 WL

---

[1] The Complaint named several other Defendants who were terminated prior to service pursuant to the Court's screening authority under 28 U.S.C. § 1915

3997344 (W.D. Pa. Aug. 21, 2018)). Even absent a defendants' motion, "[u]nder Rule 41(b), a district court has authority to dismiss an action *sua sponte* if a litigant fails to prosecute or to comply with a court order." *Qadr v. Overmyer*, 642 Fed. App'x 100, 102 (3d Cir. 2016) (per curiam) (citing Fed. R. Civ. P. 41(b)); *see also Adams v. Trustees of New Jersey Brewery Emps.' Pension Trust Fund*, 29 F.3d 863, 871 (3d Cir. 1994) (recognizing that a court can dismiss a case *sua sponte* under Rule 41(b)). "The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in the courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Qadr*, 642 Fed. Appx at 102.

Whether to dismiss an action for failure to prosecute or comply with a court order rests in the sound discretion of the Court. *See Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002) (citations omitted). That discretion, while broad, is guided by six factors identified by the Court of Appeals in *Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984)). The *Poulis* factors are (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad      faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense. *Id.*; *see also, Emerson.*, 296 F.3d at 190. "In balancing the *Poulis* factors, [courts] do not [employ] a ... 'mechanical calculation' to determine whether a District Court abused its discretion in dismissing a plaintiff's case." *Briscoe v. Klaus*, 538 F.3d 252, 263 (3d Cir. 2008) (quoting *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992)). "[N]o single *Poulis* factor is dispositive," and "not all of the *Poulis* factors need be

satisfied in order to dismiss a complaint." *Emerson.*, 296 F.3d at 190 (internal citations and quotations omitted).

### III.    Discussion and Analysis

Normally, the Court must "consider and balance [the six *Poulis* factors] when deciding, *sua sponte*, to use dismissal as a sanction. When a litigant's conduct makes adjudication of the case impossible, however, such balancing under *Poulis* is unnecessary." *Azubuko v. Bell Nat. Org.*, 243 Fed. Appx. 728, 729 (3d Cir. 2007). Here, Plaintiff's persistent failures to prosecute his case and maintain a current mailing address with which he may receive and comply with Court orders has made proper adjudication of the action impossible. *See McLaren v. New Jersey Dep't of Educ.*, 462 F. App'x 148, 149 (3d Cir. 2012) ("[t]he Third Circuit Court noted that the plaintiff's failure to provide a current mailing address and the consequent return of court orders as undeliverable left the District Court with "little choice as to how to proceed."); *see also Baker v. Accounts Receivables Mgmt., Inc.*, 292 F.R.D. 171, 175 (D.N.J. 2013) ("[T]he Court need not engage in an analysis of the six *Poulis* factors in cases where a party willfully abandons her case or otherwise makes adjudication of the matter impossible."). Nevertheless, this Report will endeavor to apply the *Poulis* factors this case.

The first *Poulis* factor requires that the Court consider the party's personal responsibility. Plaintiff is proceeding *pro se*. His status, however, does not excuse him from his obligation to abide by Orders of the Court. Plaintiff is solely responsible for meeting the obligations imposed by Court Order. *See Smith v. Pennsylvania Dep't of Corr.*, 2012 WL 4926808, at *2 (W.D. Pa. Oct. 16, 2012) (citing *Briscoe*, 538 F.3d at 258-59 (a *pro se* plaintiff is personally responsible for the progress of his case and compliance with a court's orders.)). Plaintiff has repeatedly failed to update his address and subsequently failed to comply with this Court's orders, including orders

4

directing him to respond to Defendants' motion to dismiss and show cause.  Accordingly, the first *Poulis* factor favors dismissal.

The second *Poulis* factor requires that the Court consider whether Plaintiff's conduct has resulted in any prejudice to Defendants. In this context, examples of prejudice are "the irretrievable loss of evidence, the inevitable dimming of witnesses' memories, or the excessive and possibly irremediable burdens or costs imposed on the opposing party." *Scarborough v. Eubanks*, 747 F.2d 871, 876 (3d Cir. 1984).    Prejudice for purposes of the *Poulis* analysis, however, does not mean irremediable harm. *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir. 2003).  "[T]he burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy is sufficiently prejudicial." *Id.*  Plaintiff's persistent failure to prosecute his case and remain reachable to the Court has frustrated and delayed the Defendants right to a timely resolution of the case.  Accordingly, the second *Poulis* factor also favors dismissal.

The third *Poulis* factor requires the Court to consider whether Plaintiff has exhibited a history of dilatoriness over the life of this case. *Adams*, 29 F.3d at 875 ("a party's problematic acts must be evaluated in light of its behavior over the life of the case.").  "[C]onduct that occurs one or two times is insufficient to demonstrate a 'history of dilatoriness.'" *Briscoe*, 538 F.3d at 261.  "Extensive or repeated delay or delinquency constitutes a history of dilatoriness, such as consistent non-response to interrogatories, or consistent tardiness in complying with court orders." *Adams*, 29 F.3d at 874. Plaintiff's history of dilatoriness is well-documented by the record in this case.  He has received several Orders from the Court, which have all been returned. He has not attempted to communicate with the Court or to maintain a current address. Indeed, the last interaction with Plaintiff and this action, was Plaintiff's filing of his Complaint on February 6,

2024. ECF No. 22. As such he has failed to comply with deadlines and has halted the progression of this action. This third *Poulis* factor also supports dismissal.

The fourth *Poulis* factor requires the Court to consider whether Plaintiff's conduct was willful or in bad faith. In this context, "[w]illfulness involves intentional or self-serving behavior." *Adams*, 29 F.3d at 874. Plaintiff's failure to comply with Court orders "demonstrate[s] a willful disregard for procedural rules and court directives." *Doss v. United States*, 2024 WL 759058, at *2 (W.D. Pa. Jan. 22, 2024), *report and recommendation adopted*, 2024 WL 757090 (W.D. Pa. Feb. 20, 2024). Finally, all Court correspondence with Plaintiff has been returned. Plaintiff has an affirmative duty to keep the Court updated as to his current address, and a failure to do so can be construed as a failure to prosecute. *See Andrews v. Christie*, 2023 WL 5049063, at *1 (D.N.J. Aug. 8, 2023) ("civil plaintiffs, even those acting *pro se*, are under an affirmative duty to keep the Court updated as to their addresses and are likewise affirmatively required to be at least reasonably diligent in pursuing their claims."); *see also* Fed. R. Civ. P. 41(b) (court may dismiss a case on the merits for failure to prosecute a claim or comply with a court order within a reasonable time). Accordingly, the fourth *Poulis* factor also supports dismissal.

The fifth *Poulis* factor requires the Court to consider the effectiveness of alternate sanctions. Dismissal is a sanction of last resort, and it is incumbent upon a court to explore the effectiveness of lesser sanctions before ordering dismissal. *Poulis*, 747 F.2d at 868. In general, "sanctions less than dismissal [are] ineffective when a litigant, such as [Plaintiff], is proceeding pro se." *Lopez v. Cousins*, 435 Fed. Appx. 113, 116 (3d Cir. 2011); *Emerson*, 296 F.3d at 184. "This case presents such a situation [where the plaintiff's] status as a pro se litigant severely limits the ability of the court to utilize other lesser sanctions to ensure that this litigation progresses in an orderly fashion." *Carr v. Zahuronic*, 2022 WL 12073522, at *2 (W.D. Pa. Oct. 20, 2022). Further,

not knowing Plaintiff's address prevents any viability of imposing alternative sanctions. *See Archie v. Dep't of Corr.*, 2015 WL 333299, at *3 (D.N.J. Jan. 23, 2015) ("[t]he Court finds that this factor weighs in favor of dismissal because, not knowing Plaintiff's address, the Court is simply unable to communicate to Plaintiff any alternative sanctions."); *See also McLaren v. N.J. State Dept. of Educ.*, 462 Fed. Appx. 148, 149 (3d Cir.2012) (finding that a lesser sanction would not be appropriate because, as the court had no way of contacting the plaintiff, "an order imposing sanctions would only find itself taking a round trip tour through the United States mail" (quoting *Carey v. King,* 856 F.2d 1439, 1441 (9th Cir. 1988)). Finally, Plaintiff is also proceeding *in forma pauperis.* Therefore, monetary sanctions would likely be ineffective. Accordingly, the fifth *Poulis* factor weighs in favor of dismissal.

The sixth and final *Poulis* factor requires the Court to consider the meritoriousness of the claim. A claim is considered "meritorious" for the purposes of the *Poulis* analysis when the allegations of the complaint, if established at trial, would support recovery. *Poulis*, 747 F.3d at 870. To evaluate this factor, a court applies the standard for a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss for failure to state a claim. *Briscoe*, 538 F.3d at 263. At the early stage of litigation, it is difficult to gauge the merits of Plaintiff's claim. However, on its face, Plaintiff's claim against Assistant District Attorney Hoffman appears to be barred by prosecutorial immunity. *See Imbler v. Pachtman*, 424 U.S. 409, 417–20 (1976). And his claims against Officer Russell appear to be precluded because the existence of probable cause is established by his conviction, *see Barna v. City of Perth Amboy*, 42 F.3d 809, 819 (3d Cir. 1994) (false arrest and false imprisonment claims fail if probable cause existed "as to any offense that could be charged under the circumstances"). Moreover, even if a claim has potential merit, a plaintiff must act to pursue it if he is to have any hope of recovery. Plaintiff appears to have abandoned his claims in this case.

Plaintiff's conduct is incompatible with maintaining a lawsuit. *Stephen v. United States Att'y Gen.*, 2020 WL 832914, at *4 (M.D. Pa. Jan. 10, 2020), *report and recommendation adopted*, 2020 WL 820192 (M.D. Pa. Feb. 19, 2020). Accordingly, this factor also favors dismissal.

**IV.    Conclusion**

Because all six *Poulis* factors weigh in favor of dismissal of this action for lack of prosecution, it is recommended that:

(1) This case be DISMISSED without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure;

(2) Defendants' Motions to dismiss (ECF Nos. 32, 38) be DISMISSED as moot, and

(3) The Clerk of Court be directed to close this case.

**V.    Notice Concerning Objections**

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72((b)(2), and Local Rule 72(D)(2), the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to timely file objections will waive the right to appeal. *Brightwell v. Lehman*, 637 F.3d 187, 193 n. 7 (3d Cir. 2011). Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72(D)(2).

DATED this 18th day of November 2024.

BY THE COURT:

RICHARD A. LANZILLO
CHIEF UNITED STATES MAGISTRATE JUDGE